UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

LUIS FEDOR,

Defendant.

17-CR-513 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge:

On June 23, 2020, defendant Luis Fedor pled guilty to kidnapping and participating in several criminal conspiracies. This Court subsequently sentenced Fedor to time served, along with a five-year term of supervised release. (Nov. 17, 2022 Sent'g Tr. 15:11-17; ECF No. 122 (the "2022 Judgment").)

Two years after being sentenced, in November 2024, Fedor admitted to violating several conditions of his supervised release ("VOSR"). (Nov. 13, 2024 Hr'g Tr. 4:8-5:15.) Specifically, he admitted that he had failed to notify his probation officer within seventy-two hours of being arrested; possessed a knife greater than four inches; used a controlled substance; and left the Southern District of New York without permission. (*Id.*) For these violations, the Court sentenced Fedor to twenty-four months' imprisonment and revoked his term of supervised release. (*Id.* at 28:8-15; ECF No. 169.) He has since filed a notice of appeal from the VOSR judgment. (ECF No. 171.) That appeal remains pending before the U.S. Court of Appeals for the Second Circuit. *United States v. Fedor*, No. 24-3102 (2d Cir. 2024). On May 8, 2025, Fedor moved *pro se* before this Court for a sentence reduction pursuant to Amendment 821. (ECF No. 175.)

As an initial matter, the Court does not have jurisdiction to render a decision on the motion. "A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *Berman v. United States*, 302 U.S. 211, 214 (1937). But while the district court may not make "substantive modifications of judgments," the court may act in aid of the appeal or correct a clerical error. *Ransom*, 866 F.2d at 575-76.

In addition, pursuant to Federal Rule of Criminal Procedure 37, the Court may issue an indicative ruling on a motion for relief that would otherwise be barred by a pending appeal. Specifically, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

As explained below, the Court now issues an indicative ruling denying Fedor's motion for relief pursuant to Amendment 821. However, in the course of reviewing the record in connection with the instant motion, the Court has identified a clerical error in Fedor's original sentence. To correct this clerical error, the Court *sua sponte* amends the Statement of Reasons in the 2022 Judgment to accurately reflect that Fedor had a criminal history category of IV at the time of his original sentencing. No other relief is appropriate at this time.

The Court first issues this indicative ruling denying Fedor's motion for relief pursuant to Amendment 821. Effective November 1, 2023, in Amendment 821, the United States Sentencing Commission amended the United States Sentencing Guidelines in two respects. Most relevant to Fedor is Part A, which amends U.S.S.G. § 4A1.1 by reducing from two points to one point the upward adjustment for offenders who committed the offense while under any criminal sentence and by limiting this adjustment to defendants who received seven or more criminal history points. The Sentencing Commission made these amendments retroactive effective November 1, 2023.

Fedor was sentenced for his violations of supervised release on November 13, 2024. In connection with the violation proceedings, the Probation Department issued a violation report which calculated Fedor's Guidelines sentence. (*See* Violation Report, *United States v. Fedor*, No. 17-cr-513 (S.D.N.Y. July 24, 2024).) When calculating a Guidelines sentence for a violation, the Sentencing Commission instructs that the criminal history category to be used is "the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a).[1] At

---

[1] The Second Circuit has not "yet addressed whether Amendment 821 reduces a defendant's criminal history category during a probation revocation proceeding." *United States v. Varieur*, No. 24-985, 2025 WL 655582, at *2 (2d Cir. Feb. 28, 2025); *see United States v. McNeal*, No. 20-cr-00099, 2025 WL 104551, at *3-4 (S.D.W. Va. Jan. 15, 2025) (applying reduced criminal history category due to Amendment 821 in revocation proceeding). *Contra* U.S.S.G. § 1B1.10, app. n.8(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section."); *United States v. Bodiford*, No. 24-12646, 2025 WL 1276100, at *4 (11th Cir. May 2, 2025) (concluding that Amendment 821 "did not change [defendant's] category at the time he was *originally* sentenced"). In any event, even if Amendment

2

his original sentencing, Fedor was in criminal history category IV due to his nine criminal history points. (*See* ECF No. 109 ¶ 97 (Presentence Investigation Report ("PSR") placing defendant in criminal history category IV); Nov. 17, 2022 Sent'g Tr. 2-18 (no objections to the PSR); Statement of Reasons at 1 (noting the Court adopted the PSR without change).) To reach that total, Fedor was subject to the two-point upward adjustment for committing the offense while under parole supervision. (ECF No. 109 ¶ 96.) Moreover, he had seven or more criminal history points. (*Id.* ¶¶ 95-97.) Thus, applying Part A of Amendment 821 to Fedor would reduce his criminal history score from nine points to eight points. A score of 8 points, however, still places Fedor in criminal history category IV. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table) (criminal history category IV includes defendants with seven, eight, or nine points). Accordingly, even assuming Amendment 821 applies in violation proceedings, it does not afford Fedor any relief.

In the course of addressing this motion, the Court has identified a clerical error in Fedor's original sentence. *See Ransom*, 866 F.2d at 575-76 (district court retains jurisdiction to correct clerical errors). In the PSR, the Probation Department concluded that Fedor had nine criminal history points, yielding a criminal history category of IV. (ECF No. 109 ¶ 97.) At sentencing, the Court adopted the PSR without change. (Statement of Reasons at 1; *see also* Nov. 17, 2022 Sent'g Tr. 2-18.) The Court also stated that the defendant was "in criminal history category IV." (Nov. 17, 2022 Sent'g Tr. 14:13-14.) But when imposing the sentence, the Court incorrectly stated that the defendant's criminal history category was V, not IV. (*Id.* at 15:7-10.) The Statement of Reasons attached to the 2022 Judgment contains the same error. (Statement of Reasons at 1.) This clerical error had no effect on Fedor's sentence of time served.

This clerical error was then reproduced in the violation report. (*See* Violation Report at 6, *United States v. Fedor*, No. 17-cr-513 (S.D.N.Y. July 24, 2024).) Because of this clerical error, the Guidelines ranges listed on page 6 of the violation report are incorrect. The Guidelines ranges should instead be 37-46 months for specification five, a Grade A violation, and 6-12 months for each of specifications one through four, all Grade C violations. *See* U.S.S.G. § 7B1.4(a) (revocation table) (using criminal history category IV and selecting the appropriate grade of the violation). At the violation sentencing, the Court imposed a sentence of twenty-four months' imprisonment. (Nov. 13, 2024 Hr'g Tr. 28:8-18.) If the Second Circuit were to remand this case for resentencing in light of this clerical error, the Court would not alter its sentence.

---

821 applied in this context, as explained *infra*, it affords Fedor no relief. Accordingly, the Court need not decide this question in order to deny the motion.

3

In sum, the Court issues an indicative ruling pursuant to Federal Rule of Criminal Procedure 37 denying Fedor's motion. In addition, the Court *sua sponte* amends a clerical error in the Statement of Reasons attached to the 2022 Judgment and the corresponding oral statement of the Court in the November 17, 2022 sentencing proceeding.

Dated: New York, New York
      June 5, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.